IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Manos, Martin, Pergram & Dietz,:

    Plaintiff,            :

  v.                            :    Case No. 2:08-cv-0529

Jerry Saperstein,           :    MAGISTRATE JUDGE KEMP

    Defendant.          :

## OPINION AND ORDER

Plaintiff, a law firm, filed this action against Jerry Saperstein, seeking to recover on a guarantee which he executed while he was the president of a corporation called FontBank. According to the complaint, FontBank incurred a bill for legal services in the amount of $191,332.25 which remains unpaid. The bill relates to legal services provided to FontBank in prior litigation in Ohio.

Mr. Saperstein has filed an answer and a counterclaim. In that pleading, he asserts, among other defenses, that the plaintiff firm committed legal malpractice in connection with its representation of himself and FontBank. Plaintiff moved to dismiss the counterclaim on several grounds, including the assertion that all of the counts of the counterclaim are barred by the applicable statute of limitations. Both the motion and Mr. Saperstein's response are supported by affidavits, so the Court will treat the motion as one for summary judgment. For the following reasons, the motion will be granted.

I.

Summary judgment is not a substitute for a trial when facts material to the Court's ultimate resolution of the case are in dispute. It may be rendered only when appropriate evidentiary materials, as described in Fed. R. Civ. P. 56(c), demonstrate the absence of a material factual dispute and the moving party is entitled to judgment as a matter of law. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464 (1962). The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970). Additionally, the Court must draw all reasonable inferences from that evidence in favor of the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654 (1962). The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit evidence in support of any material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Of course, since "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, the responding party is only required to respond to those issues clearly identified by the moving party as being subject to the motion. It is with these standards in mind that the instant motion must be decided.

II.

Mr. Saperstein's counterclaim contains three separate counts. The first clearly raises issues of legal malpractice. The basis for the other two counts is less clear, although both arise out of the attorney-client relationship between the plaintiff and either FontBank or Mr. Saperstein. Count two asserts that some of the money paid to plaintiff may have been based upon inaccurate or fraudulent billings, and count three alleges a mixture of allegedly incompetent conduct on the part of the law firm and the breach of a duty to be candid with Mr. Saperstein concerning the nature of the legal services contract and the firm's expectations for payment.

The motion to dismiss raises a number of issues, including the assertion that only FontBank, not Mr. Saperstein, was the law firm's client, and that Mr. Saperstein is not permitted to sue the firm either for malpractice or contractually-based claims belonging to FontBank. However, plaintiff has also provided evidence that it rendered no services either to Mr. Saperstein or FontBank after February of 2001. Thus, regardless of whether all of the claims in the counterclaim are considered to be legal malpractice claims or whether some of them can be construed to be fraud claims, plaintiff asserts that they are all barred by the applicable statutes of limitation, which are either one year or four years.

Responding to arguments other than the statute of limitations defense, Mr. Saperstein contends that the law firm knew from the outset that FontBank was undercapitalized and that he was simply its alter ego. He also contends that the law firm knowingly provided legal services to him as an individual but billed the services to FontBank. Consequently, he asserts that he has standing to assert any counterclaims arising out of the contractual relationship between FontBank and the plaintiff firm.

However, he does not directly address the statute of limitations question other than by arguing that the plaintiff firm "cannot be permitted to benefit from its dishonesty," Responsive Memorandum at 7, and that it should not be permitted to assert an affirmative claim for nonpayment after the statute of limitations on any malpractice counterclaim has run.

First, the Court concludes that all three of the counts of the counterclaim are essentially claims for legal malpractice. A malpractice claim includes not only a direct assertion that a law firm fell below the applicable standard of care in its representation of the client, but also subsumes other issues arising out of the attorney-client relationship such as disputes over billing. See, e.g., Blackwell v. Gorman, 142 Ohio Misc. 2d 50 (Franklin Cty. C.P. 2007). Even if that were not so, and one of the counterclaims sounded in fraud, the statute of limitations would have run on that counterclaim as well. Plaintiff correctly identifies the applicable statute of limitations for legal malpractice as the one contained in O.R.C. §2305.11(A), and that one-year statute begins to run, at the latest, on the date when the legal relationship between the attorney and client terminates or the date on which the last of legal services were performed. The record is clear that either of these dates is well more than one year before this action was filed or Mr. Saperstein's counterclaim was filed, and the statute of limitations therefore bars his counterclaim.

Mr. Saperstein has argued that it would be inequitable for the Court to permit a suit for unpaid legal fees to be filed after the statute of limitations for legal malpractice has run. The Ohio Supreme Court has directly addressed that issue. It has concluded that, although the statute of limitations may bar an affirmative counterclaim for damages based upon legal malpractice, there is no bar to the assertion of legal

malpractice as an affirmative defense to a claim for unpaid legal fees. In other words, the client may set up legal malpractice as a defense and set-off to a claim of fees up to the amount of fees sought to be recovered. What the client may not do, after the limitations period has run, is assert an affirmative claim for damages which exceeds the amount of the legal fees which the firm is seeking from the client. Thus, following "[t]he general rule ... that statutes of limitations bar affirmative counterclaims, but do not affect claims offered in defense or recoupment, arising from the same transaction that forms the basis for the plaintiff's complaint," Riley v. Montgomery, 11 Ohio St.3d 75, 78 (1984), the Ohio Supreme Court held that

> A claim of a defendant which would be barred by the statute of limitations if brought in an action for affirmative relief is available as a defense or under the common-law theory of recoupment, when the claim arises out of the same transaction as the plaintiff's claim for relief, and when it is offered only to reduce the plaintiff's right to relief.

Id., syllabus, para. 1.

Under Riley, Mr. Saperstein may argue in this case, and attempt to prove, that the plaintiff's representation fell below the applicable standard of care. Although plaintiff asserts that Mr. Saperstein does not have standing to raise any issues concerning legal malpractice, his filings create a factual issue as to whether legal services were rendered to him personally, and also whether the Court can disregard the legal formality of FontBank's existence. Further, it is a general rule that a guarantor or surety is entitled to raise any defenses available to the principal debtor. See O'Brien v. Ravenswood Apartments, Ltd., 169 Ohio App. 3d 233 (Hamilton Co. 2006). Consequently, although the counterclaim must be dismissed on statute of limitations grounds, that dismissal does not remove the issue of legal malpractice from this case. It simply limits Mr. Saperstein's ability to recover on the theory to asserting it as a set-off against plaintiff's claim for legal fees.

III.

    For the foregoing reasons, plaintiff's motion to dismiss the counterclaim (#9) is granted. All counts of the counterclaim are dismissed with prejudice.

                                            /s/ Terence P. Kemp
                                            United States Magistrate Judge